**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:04-cr-20188-MOORE/BECERRA

UNITED STATES OF AMERICA,

vs.

DARIO SALLENT,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    THIS CAUSE was before the Court following an Order of Referral to conduct a proceeding for acceptance of a guilty plea by Defendant in this case. ECF No. [15]. Based upon the change of plea hearing conducted on September 8, 2020, this Court makes the following findings, and recommends that the guilty plea be accepted.

    1.    As an initial matter, the Court advised Defendant of his right to appear at the plea hearing in person. Defendant waived his right to appear in person. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented to proceed by videoconference. Counsel concurred that holding the change of plea now, rather than delaying it until all could appear before the Court in person, was important because they had reached a resolution to this prosecution and they did not want to further delay the matter. Pursuant to the Administrative Orders of this Court, specifically, including, 2020-53, 2020-41, 2020-33, 2020-24, 2020-21, 2020-18, and 2020-23, the Court found that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice, and the hearing was conducted by videoconference.

    2.    This Court advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Referral from the District Court. This Court further advised

Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

4. Defendant pled guilty to Count I of the Indictment which charged Defendant with bank fraud, in violation of 18 U.S.C. Section 1344. The Court advised Defendant that as to each Count, the maximum sentence is thirty years of imprisonment, five years of supervised release, a fine of $1,000,000, and a mandatory special assessment of $100.00. Defendant was also advised of the possibility of restitution and forfeiture. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

5. To set forth the factual basis for the entry of the plea, Defendant and the Government submitted a written Factual Proffer. The Factual Proffer, also read by the Government at the hearing, established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the Factual Proffer was accurate.

6. There is no written plea agreement. The United States and Defendant have an oral agreement that: (1) the Government will dismiss Counts II, III, and IV at the time of sentencing; (2) the Government will recommend that Defendant's advisory guideline range be reduced for his acceptance of responsibility; and Defendant agreed to pay restitution in the amount of $30,200.00.

This Court reviewed that oral agreement on the record and Defendant acknowledged that he understood that the Court was not bound by any agreement between the parties.

7.  Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea; that Defendant is aware of the nature of the charges and the consequences of the plea; and that the plea of guilty is a knowing and voluntary plea, supported by an independent basis in fact containing each of the essential elements of the offense.

8.  Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count I of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of those offenses.

9.  A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing date is November 19, 2020 at 9:30 a.m.

10. Defendant is detained, no modification of his conditions of release was requested by either party.

11. The parties were also instructed to immediately notify the Chambers of Chief Judge K. Michael Moore if the sentencing in this matter is expected to exceed one-half hour.

Therefore, it is hereby:

RECOMMENDED that Defendant's plea of guilty be accepted; that Defendant be adjudicated guilty of the offenses to which he has entered his plea of guilty; and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge.

Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on un-objected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 10th day of September, 2020.

                                                                                                     _____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE